**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ANTHONY ALLEN, #B-43715,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-cv-506-MJR** |
| | ) | |
| **LAWRENCE KANIA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is

1

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal, and still other portions are subject to severance as discussed in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

**Facts:**

Plaintiff alleges that on December 12, 2007, he wrote a grievance alleging that Defendant Schorn-Allsup refused to copy papers for him, and that as a result Defendant Schorn-Allsup retaliated by writing a false disciplinary report against him.  Then in April 2009 Defendant Kania performed a shakedown of Plaintiff's cell while Defendant Ferrell watched, as part of a retaliatory scheme.  That same day, Defendant Kania issued Plaintiff a false disciplinary report, which defendant Ferrell again witnessed; the report was not investigated by Defendant J. Cowan. At Plaintiff's disciplinary hearing for this report Defendants Parnell, Lee, and R. Cowan refused to call Plaintiff's witnesses.  Defendant Schorn-Allsup further retaliated against Plaintiff by altering his request for legal materials so that he did not receive the materials requested.

In June 2008 Plaintiff was sent to the medical ward for treatment of an injury to his foot. Defendant Feinerman watched as Defendant Kreig placed Plaintiff's foot in a cast, limiting Plaintiff's mobility.  After Plaintiff's foot was placed in the cast, he was transferred to a different cell in the medical ward which had no toilet nor running water.  Two weeks later Plaintiff was moved to a new cell, but complained to Defendant Conder about the previous cell.  That same day Plaintiff was transferred back to the previous cell.  Over a year later, Defendant Kreig informed Plaintiff that there was nothing that he nor an outside hospital could do concerning his foot.

2

In March 2010 Plaintiff again requested library materials, but Defendant Clendennin informed Plaintiff that no request had been received.  Plaintiff submitted another request for materials, and was informed by Defendant Schorn-Allsup that once again a request had not been received.  Plaintiff then wrote two letters to Defendant Stock, complaining about the lack of service he was receiving from the library.  Shortly thereafter Plaintiff was transferred to a high aggression cell house, which Plaintiff alleges was a retaliatory act by Defendants Stock, Westerman, Spiller, Schorn-Allsup, and Clendennin because of Plaintiff's complaints about access to library materials as well as filed grievances.

**Discussion:**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit

**Count 1: Retaliation**

Plaintiff alleges that Defendant Schorn-Allsup retaliated against him for filing a grievance by writing a false disciplinary report.  Plaintiff further claims that Defendant Kania retaliated against Plaintiff for filing grievances by performing a shakedown of Plaintiff's cell, after which Defendant Kania issued Plaintiff a false disciplinary report.  Plaintiff then alleges that Defendants Stock, Westerman, Spiller, Schorn-Allsup, and Clendennin conspired to ensure that Plaintiff was transferred to a different cell house, which was a high aggression cell house, in retaliation for

3

filing grievances.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* Plaintiff has stated the actions taken by the above named Defendants (i.e. filing false reports, performing shakedowns, transfer to a new cellhouse), and has further alleged that these action were taken because Plaintiff exercised his protected right to file grievances. Because this is a protected right, and because Plaintiff alleges that Defendants Schorn-Allsup, Kania, J. Cowan, Stock, Westerman, Spiller, and Clendennin acted to stifle that right, this count for retaliation cannot be dismissed against these Defendants at this time.

**Count 2: Due Process**

Plaintiff next claims that Defendants Parnell, Lee, and R. Cowan refused to call Plaintiff's witnesses during his disciplinary hearing. Plaintiff contends that his inability to call witnesses at his disciplinary hearing is a violation of his due process rights. This right was considered in the *Wilkinson v. Austin* case, where it was determined that a prison has a legitimate interest in controlling individual inmates as well as the prison in general, and that this interest is threatened by allowing inmates the opportunity to call witnesses to disciplinary hearings, making the potential value of the witness testimony small in comparison to the cost to security. *Wilkinson*

4

*v. Austin*, 545 U.S. 209, 228 (2005).  The danger to witnesses, and the difficulty in obtaining their cooperation, make the probable value of an adversary-type hearing doubtful in comparison to its obvious costs. *Id.*

Defendants Parnell, Lee, and R. Cowan have a legitimate interest in keeping the prison population, both inmates and staff, free from danger.  This interest outweighs whatever stake Plaintiff may have had in calling witnesses at his hearing.  Because the inability to call witnesses at a disciplinary hearing does not amount to a deprivation of due process, and because Plaintiff does not contend that his hearing was in any other way flawed, his count for violation of due process against Defendants Parnell, Lee, and R. Cowan is dismissed with prejudice.

**Count 3: Access to the Courts**

Plaintiff next asserts that he was denied access to the courts by Defendants Schorn-Allsup and Clendennin.  Specifically, Plaintiff states that Defendant Schorn-Allsup intentionally altered Plaintiff's library request, so that Plaintiff was denied access to legal materials.  Plaintiff submitted another request to receive legal materials, but Defendant Clendennin stated that such request was never received.  Plaintiff then sent yet another request to receive legal materials, but Defendant Schorn-Allsup stated that such request was once again never received.

The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts.  *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992).  First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins*, 977 F.2d at 268 (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  Second, he must

be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987).  That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation.  It does not mean that any delay is a detriment.  *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).  Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation.  *Kincaid,* 969 F.2d at 603.

Plaintiff has not stated a cause of action against Defendant Clendennin.  Although Plaintiff may be able to meet the first step of the inquiry, showing that Defendant Clendennin failed to adequately assist Plaintiff in the gathering of legal materials, he stumbles at step two, which requires a showing of injury resulting from Defendant Clendennin's actions.  Plaintiff has not alleged that, although Defendant Clendennin failed to assist him, he suffered any detriment from the failure that affected pending or contemplated litigation.  As a result, this count is dismissed against Defendant Clendennin with prejudice.

As to Defendant Schorn-Allsup, Plaintiff has made both necessary showings.  Plaintiff has satisfied the first step by claiming that Defendant Schorn-Allsup not only failed to assist him in accessing legal materials, but intentionally altered one of his library requests so that he did not receive materials he had requested.  Plaintiff has satisfied the second step by alleging that because of Defendant Schorn-Allsup's actions, three co-defendants were dismissed in a lawsuit that was pending, to which Defendant Schorn-Allsup was a party.  Because Plaintiff has made

6

sufficient allegations to raise a question as to whether Defendant Schorn-Allsup acted to deny

Plaintiff access to necessary legal materials, which in turn caused him detriment, this count

against Defendant Schorn-Allsup cannot be dismissed at this time.

**Count 4: Failure to Protect**

Plaintiff next claims that Defendants Ferrell and J. Cowan were aware that Defendant

Kania issued Plaintiff a false disciplinary report, but failed to act to correct the report.  Plaintiff

then alleges that he sent Defendant Stock two letters complaining that he was being denied

access to legal materials, but these letters were ignored.  Plaintiff, and many other inmates, seem

to think that any prison employee who knows (or should know) about his problems has a duty to

fix those problems.  That theory is in direct conflict with the well-established rule that "public

employees are responsible for their own misdeeds but not for anyone else's."  *Burks v. Raemisch*,

555 F.3d 592, 596 (7th Cir. 2009).  *See also Monell v. Department of Social Services*, 436 U.S.

658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat

superior does not apply to § 1983 actions).  As Chief Judge Easterbrook has stated:

> Public officials do not have a free-floating obligation to put things
> to rights, disregarding rules (such as time limits) along the way.
> Bureaucracies divide tasks; no prisoner is entitled to insist that one
> employee do another's job.  The division of labor is important not
> only to bureaucratic organization but also to efficient performance
> of tasks; people who stay within their roles can get more work
> done, more effectively, and cannot be hit with damages under
> §1983 for not being ombudsmen. [The] view that everyone who
> knows about a prisoner's problem must pay damages implies that
> he could write letters to the Governor . . . and 999 other public
> officials, demand that every one of those 1,000 officials drop
> everything he or she is doing in order to investigate a single
> prisoner's claims, and then collect damages from all 1,000
> recipients if the letter-writing campaign does not lead to better

7

> medical care.  That can't be right. *See Durmer v. O'Carroll*, 991
> F.2d 64 (3$^d$ Cir. 1993).

*Burks*, 555 F.3d at 595.

Plaintiff claims that Defendants Ferrell, J. Cowan, and Stock had a duty to protect his interests.  Essentially, Plaintiff is asking this Court to find that Defendants Ferrell, J. Cowan, and Stock had a duty to ensure that every other prison employee was adequately performing his job, and to correct those who were found to be derelict in their duties.  This the Court will not do.  Defendants Ferrell, J. Cowan, and Stock are responsible for their own actions, not those of other prison officials.  Plaintiff does not allege in this count that Defendants Ferrell, J. Cowan, and Stock caused harm based on their own actions, but only complains that these Defendants failed to intervene based on the actions of others.  As a result, this count against Defendants Ferrell, J. Cowan, and Stock is dismissed with prejudice.

**Count 5: Deliberate Indifference**

Plaintiff next alleges that Defendant Kreig showed deliberate indifference to Plaintiff's medical needs.  Plaintiff went to the health care unit after injuring his foot, where Defendant Kreig placed Plaintiff's foot in a cast, making it impossible to walk on that foot.  Defendant Kreig then told Plaintiff that there was nothing else that he or an outside hospital could do about his injured foot.

**Count 6: Failure to Protect-Medical**

Plaintiff further alleges that Defendant Feinerman witnessed Defendant Kreig put a cast on Plaintiff's foot, but failed to stop the treatment or insist on another form of treatment.  Plaintiff claims that this inaction amounts to a failure to protect Plaintiff from harm.

8

**Count 7: Eighth Amendment**

Plaintiff lastly claims that he was submitted to cruel and unusual punishment when, after getting the cast on his foot, he was placed in a cell in the medical ward, which had no toilet or running water.  Two days later Plaintiff was moved to a different cell, but after complaining to Defendant Conder about the previous medical ward cell, Plaintiff was removed back to that first cell in the medical ward.

**Severance of Claims:**

Rule 18(a) of the Federal Rules of Civil Procedure permits a plaintiff to assert all of his claims against one defendant in one civil action.  As such, Plaintiff may properly bring Counts 1, 2, 3, and 4 against Defendants Schorn-Allsup, Kania, J. Cowan, Stock, Westerman, Spiller, Clendennin, Parnell, Lee, and R. Cowan in the same complaint because the allegations in these counts can be said to have arisen from the same transaction, occurrence, or series of transactions or occurrences so as to be sufficiently related to one another.

Counts 5, 6, and 7 of the complaint, however, seek relief against Defendants Kreig, Feinerman, and Conder for actions related to an injury to Plaintiff's foot.  The claims asserted in Counts 5, 6, and 7 do not arise from the same transaction, occurrence, or series of transactions or occurrences as Counts 1, 2, 3, and 4.  The Seventh Circuit emphasizes that separate, unrelated claims belong in different suits.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  On review of the complaint, the claims presented in Counts 5, 6, and 7 of the complaint are not sufficiently related to the claims against Defendants Schorn-Allsup, Kania, J. Cowan, Stock, Westerman, Spiller, Clendennin, Parnell, Lee, and R, Cowan in Counts 1,2,3, and 4 so as to allow them to proceed together in one lawsuit.

Plaintiff is **ADVISED** that the Court is inclined to sever Counts 5, 6, and 7.  If these claims are severed, these claims would be removed from this case and opened together in a new case.  A new case number would be assigned for the claims, and an additional filing fee would be assessed for the new case.

Because the imposition of an additional filing fee may impose a financial burden on him, Plaintiff is **FURTHER ADVISED** that he may avoid severance (and the imposition of an additional filing fee) by filing a motion to voluntarily dismiss Counts 5, 6, and 7 without prejudice.  Such a motion must be filed within 45 days of the date of entry of this order. Before filing that motion, Plaintiff shall consider whether he could re-file the dismissed claims without running afoul of the applicable statute of limitations period for civil rights actions in Illinois.

**Disposition:**

**IT IS HEREBY ORDERED** that within 45 days of the date of entry of this order, (on or before **xxxxx DATE)** Plaintiff may file a motion to voluntarily dismiss Count 5, Count 6, and/or Count 7 from this action.

**IT IS FURTHER ORDERED** that if Plaintiff does not voluntarily dismiss these claims from this action, the Court will sever these claims into a new action.  A new case number will be assigned for these three claims together, and an additional filing fee will be assessed for this  new case.

**IT IS FURTHER ORDERED** that Defendants **PARNELL, LEE, R. COWAN,** and **FERRELL** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall prepare for Defendants **SCHORN-ALLSUP, KANIA, J. COWAN, STOCK, WESTERMAN, SPILLER,** and

10

**CLENDENNIN**:  (1) a Notice of Lawsuit and Request for Waiver of Service of Summons; and (2) a Waiver of Service of Summons.  The Clerk is directed to mail said forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's work address or employer address as provided by Plaintiff.  If a Defendant fails to sign and return the Waiver to the Clerk within 30 days from the date said forms were sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

      **IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the address provided by Plaintiff, the Correctional Center shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above, or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

      **IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of any document was served on Defendants or their counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

      Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.    Failure to comply with this order will cause a delay in the transmission of court documents, and  may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**Dated: January 27, 2011**

> s/ Michael J. Reagan
> **MICHAEL J. REAGAN**
> **United States District Judge**

12