# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ANTHONY ALLEN, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 10–cv–506–MJR–SCW |
| LAWRENCE KANIA, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is Plaintiff Anthony Allen's Motion for Preliminary Injunction (Doc. 37). The Court notes that it is unclear what exactly Plaintiff is seeking in his motion for preliminary injunction. Much of Plaintiff's motion focuses mainly on the background of his case, discussing how he was moved from a loss aggressive cell house to a high aggressive cell house, and he also discusses how he has had problems in the past with the institution listing him as being in an organization and receiving a discipline ticket for unauthorized organizational activity. Plaintiff then goes into a lengthy discussion on his troubles with obtaining his legal material from several correctional officers who are not a part of this suit, including a C/O Phelps and Sgt. Writhall. Plaintiff states that he wishes to file a motion to strike Defendants' Answer to his Complaint but has been unable to obtain his personal property in order to write such a motion. He also asks that the Court to stay the case and also mentions being denied money vouchers so he can send letters in a separate habeas case.

As to his request for preliminary injunction, the Supreme Court has emphasized that a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Christian Legal Society v. Walker*, **453 F.3d 853, 870 (7th Cir. 2006) (quoting** *Mazurek v. Armstrong*, **520 U.S. 968, 972 (1997)**

**(emphasis in original))**.  The burden is upon the plaintiff to show that he is entitled to a preliminary injunction.  *Boucher v. School Board of the School District of Greenfield*, **134 F.3d 821, 823 (7th Cir. 1998**).  In considering whether to grant injunctive relief, a district court must weigh the relative strengths and weaknesses of a plaintiff's claim in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence.

Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Union Nos. 75 and 200 v. Barry Trucking*, **176 F.3d 1004, 1011 (7th Cir. 1999).** *See also Judge v. Quinn*, **612 F.3d 537, 546 (7th Cir. 2010);** *Pro's Sports Bar & Grill, Inc. v. City of County Club Hills*, **589 F.3d 865, 872-73 (7th Cir. 2009);** *Joelner v. Village of Washington Park, Illinois*, **378 F.3d 613, 619-20 (7th Cir. 2004).**  If Plaintiff meets his initial burden, "then the inquiry becomes a 'sliding scale' analysis where these factors are weighed against one another." *Joelner*, **378 F.3d at 619.**

Plaintiff's motion is also governed by the Prisoner Litigation Reform Act. *See* **18 U.S.C. § 3626(a)**.  Under the PLRA, preliminary injunction relief can be ordered only if the relief is "narrowly drawn, extend[s] no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." **18 U.S.C. § 3626(a)(2).**

Without expressing an opinion as to the merits of Plaintiff's claims of relief in his Complaint, the Court concludes that a preliminary injunction should not be issued in this case.  Plaintiff falls short of demonstrating that a preliminary injunction is warranted.  Plaintiff's motion is plagued by

a number of problems.  The Court first notes that Plaintiff's motion is unclear as to what actual relief Plaintiff even seeks.  Plaintiff complains about his inability to obtain his personal legal materials or visit the law library in order to write motions for his case and he also states that he wants a stay in this case.  Further, he complains of being denied money vouchers by the prison in order to send letters to the Court on a federal habeas case that he is pursuing.  All three complaints seem to be merely that, complaints, as the motion fails to seek any sort of injunction relief.  Clearly, the motion does not state any sort of injunctive relief that is narrowly drawn to correct the harm addressed in this lawsuit as required by the PLRA.

Further, many of the complaints he raises in this motion are unrelated to the harms addressed in his current lawsuit.  Plaintiff complains of being denied money vouchers for a separate habeas case and while he does continue to raise the issue that the prison has denied him legal materials he claims that a C/O Phelps and Sgt. Writhall failed to return is legal materials.  However, neither C/P Phelps nor Sgt. Writhall are a party to the current lawsuit.  While Plaintiff's motion raises many new allegations, these issues are not considered as supplemental to his current complaint and if Plaintiff seeks to have the Court consider these claims, he must bring them in a new suit.

To the extent that Plaintiff seeks injunctive relief in the form of additional library time or access to additional legal and other materials including paper, pens, and documents, this Court is always hesitant to intervene in the day-to-day administration of prisons as federal courts must exercise equitable restraint when asked to take over administration of a prison.  "Federal judges must always be circumspect in imposing their ideas about civilized and effective prison administration on state prison officials.  The Constitution does not speak with precision to the issue of prison conditions (that is an understatement); federal judges know little about the management of prisons; managerial judgments generally are the province of other branches of government than the judicial; and it is unseemly for

federal courts to tell a state... how to run its prison system." *Scarver v. Litscher*, **434 F.3d 972, 976-77 (7th Cir. 2006) (quoting** *Duran v. Elrod***, 760 F.2d 756, 759 (7th Cir. 1985)).**

Further, the Court notes that Plaintiff seeks a stay in this matter until his discovery is complete so he may have an amended complaint. However, the Court finds that Plaintiff's method of relief will not have the desired outcome he seeks as a stay in the case would also result in a stay on discovery, meaning that Plaintiff would not be able to pursue the discovery he wishes to obtain. The Court also notes that it has recently appointed Plaintiff counsel in a separate Order, and if that counsel, during the course of the litigation and discovery, believes that an amended complaint is warranted, he may seek leave at that time but the Court reserves ruling on that issue until such time as a motion is filed. Thus, a stay in this case is not warranted.

Thus, the Court **DENIES** Plaintiff's motion for Preliminary Injunction (Doc. 37).

**IT IS SO ORDERED**.

DATED: July 13, 2011

/s/ *Stephen C. Williams*

STEPHEN C. WILLIAMS

United States Magistrate Judge